UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTIAN ARCHAGA-REYES,

                Petitioner,

    v.

JACK WARNER,

                Respondent.

Case No. C24-231-JHC-SKV

ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME AND DENYING REQUEST FOR COUNSEL

This is a federal habeas action proceeding under 28 U.S.C. § 2254. This matter comes before the Court on Petitioner's motion for an extension of time to file a response to Respondent's answer to Petitioner's petition for writ of habeas corpus. Dkt. 23. Included in Petitioner's motion for extension of time is a request that counsel be appointed to assist him in this matter. *See id.* at 3. Respondent has not responded in any fashion to Petitioner's motion. The Court, having reviewed Petitioner's motion and the balance of the record, hereby finds and ORDERS as follows:

(1) Petitioner's unopposed motion for an extension of time to file a response to Respondent's answer (Dkt. 23) is GRANTED. Petitioner is directed to file his response not later than **August 11, 2025**. Petitioner is advised that no further extensions will be granted. Thus, if

ORDER GRANTING PETITIONER'S
MOTION FOR EXTENSION OF TIME
AND DENYING REQUEST FOR
COUNSEL - 1

Petitioner fails to file his response by this date, the Court will proceed to disposition of his federal habeas petition based solely on the contents of the petition and Respondent's answer thereto.

(2) Respondent's answer to Petitioner's federal habeas petition (Dkt. 21) is RE-NOTED on the Court's calendar for consideration on **August 18, 2025**. Respondent shall file any reply brief in support of his answer by that date.

(3) Petitioner's request for appointment of counsel is DENIED. This is Petitioner's third request for counsel. Petitioner filed two motions for appointment of counsel early in this action and both were denied by the Court in March 2024. *See* Dkts. 8, 12, 13. As Petitioner was advised in the Court's Order denying his prior motions, there is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254 unless an evidentiary hearing is required. *See Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts. The Court may, however, exercise its discretion to appoint counsel for a financially eligible individual where the "interests of justice so require." 18 U.S.C. § 3006A.

The Court denied Petitioner's first and second motions for counsel upon concluding that the record was not sufficiently developed for the Court to determine whether an evidentiary hearing would be required, and that Petitioner had not demonstrated the interests of justice would be best served by appointment of counsel. Dkt. 13. The record is more developed now than it was when Petitioner filed his first two motions for counsel in that the Court has before it Respondent's response to Petitioner's petition as well as relevant portions of the state court record. *See* Dkts. 21, 22. A review of these materials suggests that an evidentiary hearing will likely not be required in this matter.

ORDER GRANTING PETITIONER'S
MOTION FOR EXTENSION OF TIME
AND DENYING REQUEST FOR
COUNSEL - 2

Moreover, nothing in this expanded record or in Petitioner's current request for counsel suggests that the interests of justice will be best served by appointment of counsel at this time. Petitioner indicates that he is struggling to understand and respond to the statute of limitations argument set forth in Respondent's answer. *See* Dkt. 23 at 3. While the Court understands it may have been difficult for Petitioner to research the statute of limitations issue and prepare a response within the 21 days originally afforded him, nothing in the record suggests he will be unable to research and prepare an adequate response within the additional 90 days the Court has granted him in this Order. In sum, Petitioner fails to demonstrate that appointment of counsel is warranted at this time. Counsel will be appointed, as required, should the Court later determine that an evidentiary hearing is, in fact, necessary.

(4) The Clerk shall direct copies of this Order to Petitioner, to counsel for Respondent, and to the Honorable John C. Chun.

DATED this 13th day of May, 2025.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER GRANTING PETITIONER'S
MOTION FOR EXTENSION OF TIME
AND DENYING REQUEST FOR
COUNSEL - 3