UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTIAN ARCHAGA-REYES,

                Petitioner,

    v.

JACK WARNER,

                Respondent.

Case No. C24-231-JHC-SKV

REPORT AND RECOMMENDATION

## I.    INTRODUCTION

Petitioner Christian Archaga-Reyes is currently in the custody of the Washington Department of Corrections ("DOC") pursuant to a 2018 judgment and sentence of the King County Superior Court. Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from that judgment. *See* Dkt. 5. Respondent has filed an answer to Petitioner's petition together with relevant portions of the state court record. Dkts. 21-22. Respondent argues in his answer that Petitioner's federal habeas petition is untimely under 28 U.S.C. § 2244(d). *See* Dkt. 21. Petitioner has filed a response to Respondent's answer. Dkt. 27. The Court, having reviewed Petitioner's petition, Respondent's answer, all briefing of the

parties, and the state court record, concludes this federal habeas action should be dismissed as untimely under § 2244(d).

## II. BACKGROUND

### A. State Court Procedural History

On March 9, 2018, Petitioner was found guilty, following a jury trial, on one count of felony domestic violence violation of a protection order, two counts of misdemeanor domestic violence violation of a protection order, and one count of rape in the second degree, domestic violence. Dkt. 22, Ex. 1. Petitioner was sentenced on June 14, 2018, to a term of 60 months confinement for the felony violation of a protection order conviction, 364 days for each of the two counts of misdemeanor violation of a protection order, and 210 months to life for the second-degree rape conviction. *Id.* All sentences were ordered to run concurrently. *Id.*

Petitioner appealed his convictions to the Washington Court of Appeals. *See* Dkt. 22, Exs. 3-5. On January 6, 2020, the Court of Appeals issued an unpublished opinion affirming Petitioner's convictions. *Id.*, Ex. 2. Petitioner thereafter filed a motion for reconsideration, which was denied on February 11, 2020. *Id.*, Exs. 6-7. Petitioner next sought review in the Washington Supreme Court, and the Supreme Court denied review without comment on July 8, 2020. *Id.*, Exs. 8-9. On August 4, 2020, the Court of Appeals issued a mandate terminating direct review. *Id.*, Ex. 10.

On May 20, 2021, Petitioner filed a personal restraint petition in the Washington Court of Appeals. *See* Dkt. 22, Exs. 11-15. On June 24, 2022, the Court of Appeals issued an order dismissing the petition. *Id.*, Ex. 16. Petitioner did not seek further review in the Washington Supreme Court, and on July 29, 2022, the Court of Appeals issued a certificate of finality in Petitioner's personal restraint proceeding. *Id.*, Ex. 17.

On December 22, 2022, Petitioner signed a motion for post-conviction relief and caused it to be mailed to the King County Superior Court and the King County Prosecuting Attorney. *See* Dkt. 22, Ex. 18 at 13, 25-26.  For reasons that are not clear from the record, the document was not "filed" by the King County Superior Court until March 14, 2023.  *See id.*, Ex. 18 at 1. After filing, the Superior Court transferred the motion to the Washington Court of Appeals for consideration as a personal restraint petition.  *Id.*, Ex. 19.  On May 23, 2023, the Court of Appeals issued an order dismissing the petition pursuant to Washington Rule of Appellate Procedure ("RAP") 16.8.1(b) upon concluding that it was both untimely and successive.  *See id.*, Ex. 20.  Petitioner thereafter moved for discretionary review in the Washington Supreme Court, and on September 20, 2023, the Supreme Court's Deputy Commissioner issued a ruling denying review.  *Id.*, Exs. 21-22.  Petitioner moved to modify the Deputy Commissioner's ruling, and the Chief Justice of the Supreme Court issued an order denying that motion on December 6, 2023. *Id.*, Exs. 23-24.  The Washington Court of Appeals issued a certificate of finality in that post-conviction proceeding on January 2, 2024.  *Id.*, Ex. 25.

Petitioner filed another personal restraint petition in the Washington Court of Appeals on February 17, 2024.  Dkt. 22, Ex. 26.  On May 21, 2024, the Court of Appeals issued an order dismissing the petition pursuant to RAP 16.8.1(b) upon concluding that the petition was "untimely, clearly frivolous, and successive."  *See id.*, Ex. 27 at 3.  Petitioner moved for discretionary review in the Washington Supreme Court, and on August 2, 2024, the Supreme Court's Deputy Commissioner issued a ruling denying review.  *Id.*, Ex. 28.  Petitioner moved to modify the Deputy Commissioner's ruling, and that motion was denied on November 6, 2024. *See id.*, Ex. 29.  The Washington Court of Appeals issued a certificate of finality in that post-conviction proceeding on December 6, 2024.  *Id.*

REPORT AND RECOMMENDATION
PAGE - 3

### B. Federal Habeas Action

Petitioner filed his federal habeas petition on February 17, 2024, together with a motion to stay and abey this proceeding pending final resolution of his state court post-conviction proceedings. *See* Dkts. 1-1, 1-4. The Court ordered service of the petition on Respondent on March 1, 2024. *See* Dkt. 7. On March 5, 2024, after counsel entered an appearance on behalf of Respondent, the Court directed Respondent to file a response to Petitioner's motion to stay and abey. Dkts. 9-10. Respondent interposed no objection to the requested stay, and on March 26, 2024, the Court issued an Order granting the stay. Dkt. 14.

The stay was lifted on January 14, 2025, and Respondent was directed to file an answer to Petitioner's federal habeas petition. Dkt. 18. Respondent filed his answer on March 10, 2025, in which he argues that Petitioner's petition is untimely under 28 U.S.C. § 2244(d) because Petitioner did not file his federal petition within one year after his state court judgment and sentence became final. Dkt. 21 at 8-10. Respondent further argues that even if the statute of limitations does not bar review, Petitioner is not entitled to relief because the state court adjudication of his federal habeas claim was not unreasonable. *Id.* at 11-15. Petitioner filed a response to Respondent's answer on August 8, 2025, though he does not address therein the statute of limitations argument raised by Respondent in his answer. Dkt. 27. Respondent elected not to file a reply. The briefing is now complete, and this matter is ripe for review.

### III. DISCUSSION

### A. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitation period for state prisoners to file applications for federal habeas relief. *See* 28 U.S.C.

§ 2244(d)(1). The one-year limitation period generally begins to run from the date of the conclusion of direct review or "the expiration of the time for seeking such [direct] review," whichever is later. 28 U.S.C. § 2244(d)(1)(A). In this case, the period for direct review ended, at the latest, upon the expiration of the period for filing a petition for writ of certiorari with the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

The Washington Supreme Court issued its decision denying Petitioner relief on direct appeal on July 8, 2020. Dkt. 22, Ex. 9. Petitioner had 90 days following the entry of that ruling (as opposed to the issuance of the state mandate), or until October 6, 2020, to file a petition for writ of certiorari with the United States Supreme Court. *See* Rules 13.1 and 13.3 of the Rules of the Supreme Court of the United States. Because Petitioner apparently did not file a petition for writ of certiorari, his conviction became final on or about October 6, 2020. *See* 28 U.S.C. § 2244(d)(1)(A). Petitioner's one year statute of limitations began to run the following day. *See Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002).

The one-year limitation period is tolled for any "properly filed" collateral state challenge to the state conviction. 28 U.S.C. § 2244(d)(2). Petitioner filed a timely petition for post-conviction relief in the state courts on May 20, 2021. *See* Dkt. 22, Ex. 11. At the time the personal restraint petition was filed, 225 days had run on the statute of limitations. The Washington Court of Appeals issued a certificate of finality in Petitioner's personal restraint proceeding on July 29, 2022, thereby concluding proceedings in the state courts. *Id.*, Ex. 17. The one-year federal limitation period began to run again the following day, and expired 140 days later on December 17, 2022.

While Petitioner did file two additional requests for post-conviction relief in the state courts, both were filed after the federal statute of limitations had already expired and dismissed

REPORT AND RECOMMENDATION
PAGE - 5

because they were deemed untimely under state law. *See* Dkt. 22, Exs. 18, 20, 22, 26- 28. Once the statute of limitations period has run, a state collateral action filed thereafter does not serve to revive the statute. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003). Moreover, a petition denied by the state court as untimely under state law is not "properly filed" for purposes of § 2244(d)(2), and therefore does not toll the federal statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). Petitioner's final two requests for post-conviction relief in the state courts therefore did not act to toll the limitation period.

The statute of limitations governing federal habeas petitions is also subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 560 U.S. 631 (2010). However, the Ninth Circuit has made clear that equitable tolling is justified in very few cases, noting that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). A petitioner bears the burden of showing that equitable tolling should be applied. *Id*. at 1065. In order to receive equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). Here, Petitioner presents no argument that he is entitled to equitable tolling, and nothing in the record before this Court suggests that Petitioner has met the requirements for the application of equitable tolling.

As explained above, the deadline for Petitioner to file his federal habeas petition in accordance with 28 U.S.C. § 2244(d) was December 17, 2022. Petitioner did not sign his federal habeas petition until February 17, 2024, over one year after the limitation period expired. Because Petitioner filed his federal habeas petition outside the § 2254 statute of limitation

REPORT AND RECOMMENDATION
PAGE - 6

period, and because Petitioner has not demonstrated that he is entitled to equitable tolling of the limitation period, Petitioner's petition is time-barred and must therefore be dismissed.

### B. Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Petitioner is not entitled to a certificate of appealability in this matter.

### IV. CONCLUSION

Based on the foregoing, this Court recommends that Petitioner's petition for writ of habeas corpus (Dkt. 5) and this action be dismissed, with prejudice, under § 2244(d). This Court further recommends that a certificate of appealability be denied. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit not later than **fourteen (14) days** from the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar **fourteen (14) days** from the date they are filed. Responses to objections may

be filed by **the day before the noting date**. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 11, 2025**.

DATED this 21st day of August, 2025.

*S. Kate Vaughan*
S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 8